IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

THOMAS E. PEREZ, )
SECRETARY OF LABOR, )
UNITED STATES DEPARTMENT OF LABOR, )
                     Plaintiff, )   CIVIL ACTION FILE
                                                  )   NO.  4:16-cv-549
      v. )
                                                  )
LEGEND OF ASIA, LLC, TONG LIN, )
individually, and YU MIN XIAO, individually )
                     Defendants. )

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor of the United States Department of Labor, brings this action to enjoin Legend of Asia, LLC, Tong Lin, and Yu Min Xiao (collectively, "defendants") from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.), hereinafter called the Act, including the restraint of any withholding of payment of overtime compensation found by the Court to be due defendants' employees, pursuant to section 17 of the Act; and to recover unpaid minimum wages and overtime compensation owed to certain of defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217; this Court also has jurisdiction under 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## DEFENDANTS

3. Defendant Legend of Asia, LLC, at all times relevant to this Complaint, has been a Missouri limited liability company operating the Legend of Asia restaurant, which is located at 1853 SW 7 Highway in Blue Springs, Jackson County, Missouri.  Legend of Asia regulates all

persons employed by it and, at all relevant times, has been an employer within the meaning of section 3(d) of the Act.

4. Defendant Tong Lin, an individual, owns Legend of Asia, LLC. Ms. Lin acts directly and indirectly in the interest of Legend of Asia in relation to its employees by hiring, firing, supervising, controlling the work, and paying the employees of Legend of Asia. Ms. Lin is and, at all times hereinafter mentioned, was an employer within the meaning of section 3(d) of the Act.

5. Defendant Yu Min Xiao, an individual, also acts directly and indirectly in the interest of Legend of Asia in relation to its employees by hiring, firing, supervising, controlling the work, and paying the company's employees. Mr. Xiao is and, at all times hereinafter mentioned, was an employer within the meaning of section 3(d) of the Act.

## COVERAGE

6. The business activities of the defendants were, and are, related and performed through unified operation or common control for a common business purpose, and have, since September 3, 2012, constituted an enterprise within the meaning of section 3(r) of the Act.

7. Since September 3, 2012, said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the Act.

## FACTUAL ALLEGATIONS

8. During the period of September 3, 2012 through July 31, 2015, the defendants employed certain non-exempt employees as servers and kitchen employees at the Legend of Asia restaurant, including those employees named in Appendix A attached to Plaintiff's complaint.

9. At all relevant times, Defendants did not pay certain kitchen employees at least the minimum wage of 7.25 per hour for all hours worked in one or more workweeks.

2

10. Defendants did not pay to certain servers and kitchen employees overtime compensation for hours worked by the employees in excess of 40 hours in one or more workweeks.

11. Defendants did not make, keep and preserve time records showing the hours actually worked each workday and the total hours actually worked each workweek by their employees.

12. Defendants did not make any records of the wages paid with respect to certain employees paid in cash.

13. The payroll or other records that Defendants did make, keep, and preserve were inadequate in that the records did not contain the time of day and day of week in which employee workweeks began; employees' regular hourly rates of pay in workweeks in which overtime compensation was due; the total daily or weekly straight-time earnings or wages due; the total premium pay for overtime hours; and the total additions to or deductions from employees' wages each pay period.

14. The defendants did not maintain and preserve records showing the identities of the employees to whom they furnished "board, lodging, or other facilities," as these terms are used in section 3(m) of the Act, and did not maintain and preserve records substantiating the costs in furnishing each class of facility to employees.

15. Defendants did not post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in the restaurant where employees were employed so as to permit the employees to readily observe a copy.

## VIOLATIONS OF THE ACT

16. Defendants have willfully violated the provisions of sections 6 and 15(a)(2) of the Act by employing employees engaged in commerce or in the production of goods for commerce at wage rates less than the applicable federal minimum wage of $7.25 per hour.

17. Defendants have willfully violated the provisions of sections 7 and 15(a)(2) of the Act by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating these

3

employees at overtime rates of not less than one and one-half times the regular rates at which they were employed.

20. Defendants, employers subject to the provisions of the Act, have willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act, by failing to make, keep, and preserve adequate and accurate records of their employees' wages, hours, and other working conditions and practices of employment, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act.

19. As a result of the violations of the Act alleged in paragraphs 16-18 above, amounts are owing for unpaid minimum wages and overtime compensation to certain employees specifically named in Appendix A attached to Plaintiff's complaint in amounts which are presently unknown to Plaintiff for the period from September 3, 2012 through at least July 31, 2015. A judgment granting recovery of unpaid wages, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

20. Similarly, as a result of the violations of the Act alleged in paragraph 17-18 above, Defendants continue to unlawfully withhold unpaid overtime compensation due certain employees who are presently unknown to Plaintiff in amounts presently unknown to Plaintiff, for the period from September 3, 2012 through at least July 31, 2015. A judgment restraining the continued withholding of unpaid overtime compensation due these employees is specifically authorized by section 17 of the Act.

21. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays judgment as follows:

A. For an order pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wages and overtime compensation that may be found by the Court to be due under the Act to certain employees of the Defendants named in Appendix A attached to Plaintiff's complaint, and an equal additional amount as liquidated damages.

B. For an order pursuant to section 17 of the Act, 29 U.S.C. § 217, restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or

participation with them who receive actual notice thereof, from continuing to withhold the payment of any unpaid overtime compensation found to be due certain employees who are presently unknown to Plaintiff, plus interest on the unpaid overtime compensation from the date the compensation became due until the date of judgment;

      C.      For an order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice thereof, from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Act; and,

      D.      Such other further relief as the Court deems necessary and appropriate.

M. Patricia Smith
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

H. Alice Jacks
Associate Regional Solicitor


     /s/ Megan J. McGinnis
Megan J. McGinnis
Kansas Bar #24618

Office of the Solicitor
U.S. Department of Labor
2300 Main Street, Suite 1020
Two Pershing Square Building
Kansas City, MO 64108
Telephone: (816) 285-7260
Fax: (816) 285-7287
e-mail: mcginnis.megan.j@dol.gov

Attorneys for the Secretary of Labor

5

Case 4:16-cv-00549-DGK   Document 1   Filed 06/09/16   Page 5 of 5