# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-00549-DGK |
| | ) |
| LEGEND OF ASIA, LLC et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING PLAINTIFF'S MOTION FOR CONSENT JUDGMENT

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary"), filed suit against Legend of Asia, LLC ("Legend of Asia"), its owner, Tong Lin, and her husband, Yu Min Xiao for violations of the minimum wage, overtime, and recordkeeping provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

Now before the Court is Plaintiff's Motion for Consent Judgment (Doc. 45) against Legend of Asia and Yu Min Xiao. Legend of Asia and Yu Min Xiao consent to this motion. Accordingly, the motion is GRANTED and the Court rules as follows:

This Judgment encompasses the time period of September 3, 2012, through July 31, 2015, at Legend of Asia, LLC, 1853 SW 7 Hwy, Blue Springs, Missouri, 64014.

Defendants Legend of Asia, LLC, and Yu Min Xiao, individually ("Defendants"), their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Judgment, are hereby permanently enjoined and restrained from violating the provisions of 29 U.S.C. §§ 215(a)(2) and 215(a)(5) of the FLSA, including in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 206(a)(1) and 215(a)(2), fail to pay to their employees engaged in commerce or in the production of goods for commerce or employed in their enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour, or any rate subsequently made applicable by amendment to the FLSA.

2. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees in commerce or in the production of goods for commerce, or in its enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one half times the regular rate at which he or she is employed.

3. Defendants shall not, contrary to sections 29 U.S.C. §§ 211(c) and 215(a)(5) of the FLSA, fail to make, keep and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions and practices of employment maintained by it as prescribed by the regulations issued, and from time to time amended, pursuant to § 211(c) of the FLSA and 29 C.F.R. § 516. Defendants shall make such records available at all reasonable times to representatives of the Secretary.

4. Defendants shall not classify any employee as exempt from the minimum wage and/or overtime requirements of the FLSA unless that employee is employed in a bona fide executive, administrative, professional, or outside sales position under 29 U.S.C. § 213(a)(1), and as such terms are defined and delimited by the regulations of the Secretary, and unless that employee satisfies the salary level and other requirements to meet one of the exemptions. Defendants shall seek compliance assistance from the Wage

and Hour Division of the United States Department of Labor ("Wage and Hour") prior to classifying any employee as an exempt employee.

5. Defendants shall provide to each employee a statement or other record containing the hours worked by the employee each workday (for purposes of this paragraph, a "workday" is any fixed period of 24 consecutive hours). Defendants shall include on each such statement or record the telephone number at which to contact Wage and Hour (1-866-487-9243), and a statement, in English as well as any other language that is the primary language of any employee, that such telephone number may be used to make confidential and anonymous complaints about hours worked, wages paid, or other conditions of employment.

6. Where Defendants employ employees who qualify as "tipped employees," as defined by 29 U.S.C. § 203(t), Defendants shall provide written notice to employees of their intent to use the employee's tips as a credit against Defendants' minimum wage obligations. The written notice shall contain the information required by the Secretary's regulation at 29 C.F.R. § 531.59(b). Defendants acknowledge that if they fail to provide such notice, the tip credit may not be claimed, notwithstanding any potential economic harm to the employees.

7. Where Defendants pay employees wages in the form of "board, lodging, or other facilities," as these terms are used in 29 U.S.C. § 203(m), Defendants shall provide written notice to employees of their intent to use the board, lodging, or other facilities as a credit against Defendants' minimum wage and/or overtime obligations. Defendants shall keep and preserve records substantiating the actual costs to Defendants to furnish such board, lodging, or other facilities to the employees.

8. Defendants shall make, keep and preserve payroll or other records containing:

    a. A symbol, letter or other notation that identifies each employee whose wages are determined and paid in part by board, lodging, or other facilities; and

    b. The amount per hour the employee is paid in the form of board, lodging, or other facilities.

9. Defendants shall ensure former employees receive their final paychecks following employment termination or discharge. Defendants shall maintain documentation demonstrating all reasonable, good faith efforts made by Defendants to locate and forward final paychecks to former employees.

10. Defendants shall maintain a computerized time-keeping system that enables Defendants to accurately record when employees start and stop their work each day. This system shall be put in place at all restaurant locations owned in whole or in part by any of the Defendants. This system shall be put in place within ninety (90) days from entry of this Judgment and Defendants shall provide adequate training to their employees on use of the system. Defendants shall not permit any employee to work prior to clocking in or after clocking out.

11. Defendants shall have a third party, approved by the Wage and Hour, audit the Defendants' time and payroll recordkeeping practices for compliance with the FLSA once within the first two weeks beginning six months after entry of this Judgment. Defendants shall require the third-party auditor to prepare a written report that contains the auditor's findings on FLSA compliance and any suggestions for improving compliance. Defendants shall make such reports available to Wage and Hour representatives upon request. If the third-party auditor is an attorney, Defendants and the attorney shall sign an

agreement proclaiming that the audit reports are not subject to the attorney-client privilege.

12. Defendants shall provide to all current employees and managers training on the provisions of the FLSA, including but not limited to, the minimum wage, overtime and recordkeeping provisions, and employee rights provisions. This training shall be provided during working hours at company expense with no charge to the employee. This training shall be provided by a competent third party, approved by Wage and Hour, and shall be completed within ninety (90) days from entry of this Judgment.

13. Within ten (10) business days of their employment, Defendants shall provide to all new employees and managers training on the provisions of the FLSA, including but not limited to, the minimum wage, overtime and recordkeeping provisions, and employee rights provisions.

14. Within ten (10) business days of the date of entry of this Judgment, Defendants shall provide each of their current employees with a copy of the "Notice to All Employees," attached as Exhibit B, which provides guidance regarding employees' rights, including protection from retaliation, under the FLSA. Defendants shall provide a copy of this Notice to all newly hired employees on or before the date the employee begins performing work for them. If the primary language of any employee is Spanish or Chinese, Defendants shall ensure that the Notice is properly translated into that employee's language within ten (10) business days.

15. Within ten (10) business days of the date of entry of this Judgment, Defendants shall post the "Notice to All Employees," attached as Exhibit B, in prominent locations at all Defendants' restaurants.

16. Within ten (10) business days of entry of this Judgment, Defendants shall post United States Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA, as well as the Employee Polygraph Protection Act, in a prominent location at all of their restaurants located in Missouri. Copies of said posters are currently available for download and printing at: https://www.dol.gov/WHD/resources/posters.htm.

17. Defendants shall certify that they have complied with paragraphs 4 through 17, above, by providing to Wage and Hour, Attention: District Director-Kansas City District Office, a letter or letters indicating that each task has been completed and the date completion occurred. This certification shall be provided within thirty (30) days of each task being completed.

18. Defendants shall not do anything to intimidate their employees into recording fewer hours than the employees actually worked, and shall instruct and encourage their employees to keep accurate accountings of their time, including hours worked in excess of forty (40) hours per week.

19. Defendants and their officers and agents shall not request, solicit, suggest, or coerce, directly or indirectly, any current or former employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money, whether in the form of cash, check, or any other form, previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants accept, or retrieve from any employee, either directly or indirectly, any money, whether in the form of cash, check, or any other form, heretofore or hereafter paid to said employee under the provisions of this Judgment or the FLSA; nor shall

Defendants discharge or in any other manner discriminate against, nor solicit or encourage anyone else to discriminate against any such employee because such employee has received or retained money due to him from Defendants under the provisions of this Judgment or the FLSA; nor shall Defendants raise an employee's immigration status as a defense to the payment of back wages in any suit alleging such retaliation.

20. Judgment is hereby entered, pursuant to 29 U.S.C. § 216, in favor of the Secretary and against Defendants Legend of Asia, LLC and Yu Min Xiao, jointly and severally, in the total amount of $150,000, which includes $75,000 in unpaid minimum wage and overtime compensation due the employees identified in attached Exhibit A, plus an additional equal amount of $75,000 as statutorily authorized liquidated damages due to said employees.

21. Defendants shall make payment in two installments: the first installment in the amount of $75,000 is due within one hundred-twenty (120) days after the entry of this Judgment; the second installment of $75,000 is due one (1) year thereafter. All payments shall be delivered to the United States Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638, in the form of a certified or cashier's check made payable to "Wage and Hour – Labor." Defendants shall furnish with the check referenced in paragraph 20 above, a statement showing the following information:

   a. Legend of Asia, LLC's federal ID number;
   b. The name, Social Security number, last known address, last known telephone number, and last known e-mail address of each person listed in Exhibit A.

22. Upon receipt of full payment from Defendants, the Secretary's counsel shall file with the Court a certificate of payment and representatives of the Secretary shall distribute such

amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the Social Security tax ("F.I.C.A."), to the employees or their representative as their interests may appear, in accordance with the provisions of 29 U.S.C. § 216(c). Defendants remain responsible for the employers' share of F.I.C.A. arising from or related to the back wages distributed by the Secretary.

23. Any funds not distributed within a period of three (3) years from the date of this Judgment because of inability to locate the proper persons or because of such person's refusal to accept the sums sought to be distributed, shall be deposited into the Treasury of the United States.

24. Within one hundred-twenty (120) days of the date of the Judgment, Defendants shall pay an FLSA Civil Money Penalty in the amount of $10,000 to the Secretary. Defendant shall deliver to the attention of Ricky Robinson, at U.S. Department of Labor – Wage and Hour Division, 400 State Avenue, Suite 1010, Kansas City, KS 66101-2414, a certified check or a cashier's check made payable to "Wage and Hour Division – Labor" in the amount of $10,000.

25. Failure by Defendants to make complete payment as required by the terms of this Judgment shall cause any remaining balance to become immediately due and payable by Defendants.

26. Any unpaid balance is a debt owing to the United States and is subject to the Debt Collection Act of 1982 (Public Law 97-365) and the Debt Collection Improvement Act of 1996, 31 U.S.C. §§ 3701-3719.

27. Nothing in this Judgment affects the rights of any current or former employees with respect to any claimed violations of the FLSA for time periods or locations other than

those identified in this Judgment, and, notwithstanding anything to the contrary above, nothing in this Judgment shall be deemed an admission on the part of Defendants to claims raised by employees for violations of the FLSA in this litigation. Further, nothing in this Judgment precludes the Secretary from enforcing violations of the FLSA against Defendants that occurred at times or locations other than those identified in this Judgment, and nothing in this Judgment shall prevent Defendants from asserting their defenses to such violations.

28. Each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding.

**IT IS SO ORDERED.**

DATE:  September 11, 2017                     /s/ Greg Kays
                                              GREG KAYS, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT

Exhibit A

**<u>EMPLOYEES</u>**
Carlos Aguilera Espinosa
Danilo Hernandez Flores
Gustavo Ramirez
Jerrson Pineda
Jose Gustavo Medrano
Marvin Zuniga
Olman Flores
Oscar Javier Rivas
Ruben Borjas
Samuel Rivas
Santo Rodrigo Alvarez Mardiaga
Santos Bernardo Diaz Carrasco
Boa Zhen Yang
Ting Song Zhou
Yan Xu
Ling Jin Zhu
Chang Fe Ye

Exhibit B

## **NOTICE TO ALL EMPLOYEES**

Legend of Asia, LLC has agreed to ensure that all employees are paid properly under the Fair Labor Standards Act ("FLSA"). The FLSA requires that all employees must be paid minimum wage for all hours worked, as well as overtime wages for hours worked over 40 in a workweek. The FLSA also provides that all employees are protected from retaliation or discrimination. This means that no one from Legend of Asia, including Tong Lin and Yu Min Xiao, can terminate you, threaten to terminate you, reduce your work or your pay, or in any way retaliate or discriminate against you because you have spoken to anyone at the U.S. Department of Labor or in any way tried to enforce your rights under the FLSA.

You may contact the U.S. Department of Labor if you have any question about your employment situation and your rights to lawful wages and to be free from retaliation. If you think you are not being paid in accordance with the law, you can call the U.S. Department of Labor, Wage and Hour Division, at 913-551-5721 or 1-866-4-USWAGE (1-866-487-9243).

You also have rights under Missouri state law and you may contact the Missouri Department of Labor and Industrial Relations, at 573-751-3403, for any questions you may have about those rights.